IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALWANNA KNIGHT,                )
                               )
            Plaintiff,         )
                               )
       v.                      )   No. 12 C 11
                               )
AURORA LOAN SERVICES, LLC,     )
                               )
            Defendant.         )

MEMORANDUM ORDER

Alwanna Knight ("Knight") has filed a document that she captions: MOTON [sic] FOR RECONSIDERATION VACATE ORDER DISMISSING COMPLAINT DUE TO ERROR, AND OR MISUNDERSTANDING OF CASE BEFORE THE COURT, RESET HEARING DATE, APPOINT COUNSEL. Unfortunately Knight has again failed to understand the basis for this Court's actions in her case. This Court had no knowledge whatever of the litigation involving her godson Joe Louis Lawrence,[1] who appeared in her absence at the scheduled May 16 hearing, and a copy of whose filing in the Court of Appeals she has attached as Group Ex. A to her current filing. Instead this Court's references to Knight's lawsuit, both before and during the May 16 hearing, have always been reflective of her submissions in this action.

To avoid having to reinvent the wheel, this Court attaches copies of its January 5 and February 1 memorandum orders and its March 5 memorandum, all entered in this action. It is Knight's own initial filing that failed the requirement of the assertion of a non-frivolous claim (in the legal sense) that is a precondition to the granting of in forma pauperis treatment under Seventh Circuit law. This Court did not order Knight to pay the $350 filing fee as she asserts –

---

[1] Indeed, this Court was unaware of the godson relationship until it received Knight's current filing.

it is rather that this Court applied this Circuit's principle that in the absence of a grant of in forma pauperis status a plaintiff can proceed with litigation only upon such a payment.

Meanwhile, on March 22 the Court of Appeals dismissed Knight's attempted appeal for nonpayment of the required docketing fee, eliminating any jurisdictional block to this Court's jurisdiction. This memorandum order therefore turns to Knight's most recent filing.

As before, Knight's current submission is littered with assertions and arguments that are wholly beside the mark. Because she has not shown any rational ground for reconsideration, Knight's motion for reinstatement of her Complaint and for reconsideration of her motion for appointment of counsel are denied. And because she has made no effort toward payment of the filing fee in this District Court, this action is dismissed (as the January 5 memorandum order had warned.)

                                                                           _____
                                                                           Milton I. Shadur
                                                                           Senior United States District Judge

Date: May 30, 2012