IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALWANNA KNIGHT,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   No. 12 C 11
                                   )
AURORA LOAN SERVICES, LLC,         )
                                   )
            Defendant.             )

MEMORANDUM ORDER

Alwanna Knight ("Knight") has filed a document that she captions: MOTON [sic] FOR RECONSIDERATION VACATE ORDER DISMISSING COMPLAINT DUE TO ERROR, AND OR MISUNDERSTANDING OF CASE BEFORE THE COURT, RESET HEARING DATE, APPOINT COUNSEL. Unfortunately Knight has again failed to understand the basis for this Court's actions in her case. This Court had no knowledge whatever of the litigation involving her godson Joe Louis Lawrence,[1] who appeared in her absence at the scheduled May 16 hearing, and a copy of whose filing in the Court of Appeals she has attached as Group Ex. A to her current filing. Instead this Court's references to Knight's lawsuit, both before and during the May 16 hearing, have always been reflective of <u>her</u> submissions in <u>this</u> action.

To avoid having to reinvent the wheel, this Court attaches copies of its January 5 and February 1 memorandum orders and its March 5 memorandum, all entered in this action. It is Knight's own initial filing that failed the requirement of the assertion of a non-frivolous claim (in the legal sense) that is a precondition to the granting of in forma pauperis treatment under Seventh Circuit law. This Court did not order Knight to pay the $350 filing fee as she asserts –

---

[1] Indeed, this Court was unaware of the godson relationship until it received Knight's current filing.

it is rather that this Court applied this Circuit's principle that in the absence of a grant of in forma pauperis status a plaintiff can proceed with litigation only upon such a payment.

Meanwhile, on March 22 the Court of Appeals dismissed Knight's attempted appeal for nonpayment of the required docketing fee, eliminating any jurisdictional block to this Court's jurisdiction. This memorandum order therefore turns to Knight's most recent filing.

As before, Knight's current submission is littered with assertions and arguments that are wholly beside the mark. Because she has not shown any rational ground for reconsideration, Knight's motion for reinstatement of her Complaint and for reconsideration of her motion for appointment of counsel are denied. And because she has made no effort toward payment of the filing fee in this District Court, this action is dismissed (as the January 5 memorandum order had warned.)

_____
Milton I. Shadur
Senior United States District Judge

Date: May 30, 2012

IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ALWANNA KNIGHT,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  12 C 11
                                 )
AURORA LOAN SERVICES, LLC,       )
                                 )
          Defendant.             )

                          MEMORANDUM ORDER

     Alwanna Knight ("Knight") has tendered a bulky pro se submission against defendant Aurora Loan Services, LLC ("Aurora"), the character of which submission can best be gleaned from its caption:

     Complaint of Civil Rights Violations
     Unequal Protection of the Laws Violations
     Judicial Corruption/Conspiracy
     Judicial Fraud/Extortion (Stealing Homes)
     Disparate Treatment

And if that blunderbuss characterization, coupled with a $10 million demand, had left any uncertainty as to the dubious nature of Knight's claims, it would be dispelled by reading her "Jurisdictional Statement":[1]

     Order entered:  October 18, 2011
     Statute:  Unequal Protection of the Laws Violations,
     Disparate Unequal Protection of the Laws, Civil Rights
     Violations, Reverse Racial Discrimination, Judicial
     Extortion, Judge Acting outside of their immunity
     provisions, Anarchy, Jim Crowism, Treason, No

---

[1] That "Jurisdictional Statement" is placed on a page that is headed with a different case caption, obviously copied from a state court mortgage foreclosure action brought by Aurora, in which Knight as mortgagor is one of several defendants.

>       Jurisdiction on Defendant, Canon Ethics violations,
>       Judicial Extortion, Judicial Abuse of Discretion,
>       Racial Terrorism Conspiracy, Perjury, Chicanery,
>       Public, Political, Fraternal Corruption Conspiracies,
>       Perjury, Fraud on the Courts and other Un-
>       Constitutional Lawless Violations.

And here is the caption of still another document that Knight has proffered to accompany her Complaint:

>       PETITION FOR RULE TO SHOW CAUSE REMANDING CIRCUIT JUDGE
>       DAVID B. ATKINS & ATTORNEYS DUTTON & DUTTON BANK
>       OFFICIALS CORROBORATION IN AN ORGANIZED CHAIN
>       CONSPIRACY "PERJURY" "FRAUD OF ALL SORTS"/CONTEMPT OF
>       COURT OTHER IRREGULARITIES REMAND/BODY ATTACHMENT
>       INSTANTER
>       MANDATORY INJUNCTION PROHIBITING SEIZING HOME

   This Court has waded through the welter of documents provided by Knight, who has quite understandably not expended (or, more accurately, wasted) the $350 filing fee needed to gain entry to the federal courthouse door.  Instead she has accompanied the other documents with two forms provided by this District Court's Clerk's Office (an In Forma Pauperis Application ["Application"] and a Motion for Appointment of Counsel ["Motion"]), which she has completed with handwritten information.  But well-established Seventh Circuit law requires that any plaintiff who seeks in forma pauperis treatment must not only show inadequate financial resources but must also assert a nonfrivolous claim (in the legal sense).  Knight has obviously flunked that latter requirement.

   Accordingly the Application is denied, while the Motion is denied without prejudice.  If Knight were to pay the $350 filing

fee on or before January 25, 2012, this action could go forward.[2]
But if she does not, this Court will be constrained to dismiss
both the Complaint and this action.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge

Date:   January 5, 2012

---

[2] As a caveat, Knight would be well advised to think hard before making such an expenditure, for the nature of what she has tendered to this point makes her ability to present a viable claim seriously questionable.

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ALWANNA KNIGHT,                )
                               )
         Plaintiff,            )
                               )
    v.                         )    No.  12 C 11
                               )    USCA No. 12-1132
AURORA LOAN SERVICES, LLC,     )
                               )
         Defendant.            )

<u>MEMORANDUM ORDER</u>

On January 5, 2012 this Court issued a memorandum order ("Order") explaining why pro se plaintiff Alwanna Knight ("Knight") was not entitled to in forma pauperis treatment, not in financial terms but because of her failure to assert a nonfrivolous claim (in the legal sense). To that end this Court had gone through Knight's bulky documentation, which reflected the mindset that everyone in sight (or perhaps even out of sight) was conspiring against her. Some notion of that may be gleaned from some of Knight's headings reproduced in the Order.

Although the Order's rejection of in forma pauperis treatment for Knight would have spared her the potential waste of the $350 filing fee that would have had to be paid for this action to go forward (see Order n.2), Knight's subsequent action has proved again the aphorism that "no good deed goes unpunished." On January 17 (without this action having yet been dismissed) she filed a notice of appeal that added this Court to the coterie of judges and others who are assertedly conspiring

against her--Knight's "Jurisdictional Statement" is replete with scurrilous characterizations that are truly outrageous (though perhaps not unexpected, given her mindset that everyone who disagrees with her is out to do her in).

In any event, on January 25 Knight tendered to the Court of Appeals her motion seeking leave to appeal in forma pauperis, and on the same day that court ordered the motion to be transferred to this District Court for ruling. Nothing has changed Knight's legal situation--her proposed appeal is just as frivolous in legal terms as her Complaint was at the District Court level. This Court accordingly denies Knight's in forma pauperis motion, reminding her (as the Court of Appeals' order did) that to place the same motion before that court she must refile her motion there (see Fed. R. App. P. 24).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 1, 2012

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ALWANNA KNIGHT,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  12 C 11
                                )    USCA No. 12-1132
AURORA LOAN SERVICES, LLC,      )
                                )
          Defendant.            )
```

MEMORANDUM[1]

Among the bizarre steps taken by pro se plaintiff Alwanna Knight ("Knight") in this action, the most recent is her filing of an appeal even though this Court had not issued any dispositive order in the case. On January 5, 2012 this Court issued a memorandum order that explained why Knight was not entitled to in forma pauperis treatment, not in financial terms but because of her failure to assert a nonfrivolous claim in the legal sense. Then on January 17 Knight filed a notice of appeal that added this Court to the coterie of judges and others who are assertedly conspiring against her, and on January 25 she tendered to the Court of Appeals her motion seeking leave to appeal in forma pauperis, whereupon that court ordered the motion to be transferred to this District Court for ruling. On February 1 this Court responded by issuing another memorandum order II")

---

[1] This memorandum repeats, often verbatim, some of the things stated in the two earlier orders to which it refers. That has been done simply to make clear the background that gives rise to this memorandum.

that denied Knight's in forma pauperis motion and concluded by "reminding her (as the Court of Appeals' order did) that to place the same motion before that court she must refile her motion there (see Fed. R. App. P. 24)."

All of this has placed this action in limbo because it would appear that Knight's attempted appeal has ousted this Court of jurisdiction. And whatever result may obtain in the Court of Appeals in connection with any retendering of her in forma pauperis effort there, the merits of Knight's substantive claims (or more accurately, what appears to be their lack of merit) will not have been resolved at that point. Accordingly this Court respectfully requests that it be notified forthwith as and when the Court of Appeals takes action on Knight's appeal.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 5, 2012